UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CHRISTOPHER JAMES SCHOLTES,

        Plaintiff,         Case Number: 21-10239
        Honorable Paul D. Borman

v.

MICHIGAN DEPARTMENT OF
JUSTICE, ET AL.,

        Defendants.

_____/

**OPINION AND ORDER DISMISSING DEFENDANT MICHIGAN DEPARTMENT OF JUSTICE AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Christopher James Scholtes filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Scholtes is a pretrial detainee currently confined at the Van Buren County Jail in Paw Paw, Michigan. The Court granted him leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a). (ECF No. 7.)

Scholtes' complaint raises claims related to his confinement at the Van Buren County Jail. He names as defendants the Michigan Department of Justice and seven Van Buren County Jail defendants: Sheriff Daniel Abbott, Lieutenant Manuel Delarosa, Deputy Mark Curtis, Deputy Darin Menitink, Dr. Nisha Chellam, Nurse Roselynn Hickmott, and Sergeant Mike Shannon.

For the reasons stated, the Court will dismiss Defendant Michigan Department of Justice and transfer this case to the United States District Court for the Western District of Michigan.

**I. STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen an *in forma pauperis* complaint before service and dismiss the complaint in whole or in part if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A *pro se* complaint should be liberally construed and held to a "less stringent standard" than one drafted by an attorney, but must still plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

## II. DISCUSSION

### A. Eleventh Amendment Immunity

Scholtes names the Michigan Department of Justice as a defendant. The Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp*. v. Halderman, 465 U.S. 89, 100 (1984). "The state of Michigan...has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted). The Court will dismiss the Michigan Department of Justice from this action because it is immune from suit under § 1983.

### B. Venue

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant is subject to the court's personal jurisdiction if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). "[T]he court

3

must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 55 (2013). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The remaining defendants reside in Paw Paw, Michigan which lies in Van Buren County. The actions giving rise to this action occurred in the Van Buren County Jail. Van Buren County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore more proper in the United States District Court for the Western District of Michigan and that District is a more convenient forum for this action.

### III. CONCLUSION

For the reasons stated, IT IS ORDERED that defendant Michigan Department of Justice is DISMISSED from this action.

IT IS FURTHER ORDERED that the Clerk of the Court shall transfer this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2021